### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR243** |
| Plaintiff, | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| **JAMARR HOLIDAY,** | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 140).  *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 15 (report of investigative information) and 48 (prior conviction). Although framed as an objection to ¶¶ 43-54, the Defendant is moving for a downward departure based on over statement of criminal history.

### *¶ 15 - Report of Investigative Information*

This paragraph recites information found in the government's file. The Court is not at liberty to change this information, and the objection is denied.

### *¶ 48 - Prior Conviction*

The Defendant argues that this offense was part of the instant offense and, therefore, criminal history points should not be assessed for the offense. The Addendum reports that the case agent stated that the prior conviction is not part of the instant case.

Even if the Defendant were successful in his objection to ¶ 48, he would have 10 criminal history points which would not result in placement in a lower criminal history category.  The objection is denied without prejudice to being reheard if, after other issues are decided, a successful result would lead to placement in a lower criminal history category.

### ¶¶ *43-54 - Downward Departure*

The "objection" to these paragraphs is denied, as the objections duplicate the motion for downward departure filed simultaneously with these objections.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 140) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 25th day of May, 2007.

>BY THE COURT:
>
>S/ Laurie Smith Camp
>United States District Judge